UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:05CR373 CDP |
| | ) |
| JASON SCHANKMAN, | ) |
| | ) |
| Defendant. | ) |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on defendant Jason Schankman's motion to suppress evidence, amended motion to suppress evidence, motion to suppress identification, motion to suppress statements, and motion to dismiss the indictment.

Pursuant to 28 U.S.C. § 636(b), the motions were referred to United States Magistrate Judge Thomas C. Mummert. An evidentiary hearing was held on November 29, 2005, and thereafter Judge Mummert filed his Report and Recommendation regarding the defendant's motion. On December 13, 2005, defendant filed his objections to Judge Mummert's recommendations.

The Court has conducted a <u>de novo</u> review of all matters relevant to the motions, including listening to the recording of the evidentiary hearing. After careful consideration, I will adopt and sustain the thorough reasoning of Magistrate Judge Mummert set forth in support of his recommended rulings issued on

December 5, 2005.

In particular, with respect to defendant's motion to dismiss Count I because there was no actual minor involved in that count, I find that Judge Mummert's analysis of the relevant law is correct. Although the Eighth Circuit Court of Appeals has still not definitively decided this issue, it has recently provided some guidance. In United States v. Blazek, No. 05-1705, 2005 WL 3479631 (8th Cir. Dec. 21, 2005), the Court held that there was no plain error in upholding a conviction under the same statute where there was no actual minor. In determining that there was no plain error, the Court specifically noted that the issue has not been settled in this Circuit. The Court noted that it had previously upheld convictions under the statute when no actual minor was involved, and that other circuits considering the issue had "squarely rejected" it. For the reasons set out by Judge Mummert, I conclude that the statute does not require that an actual minor be involved. I will therefore deny defendant's motion to dismiss.

Once that legal issue is decided, the motions to suppress raise no difficult issues. The evidence presented by the government shows that there was probable cause to support the search warrant, defendant was not in custody when he was questioned at his place of work, and the minor witness's identification of defendant was not the result of impermissible suggestion.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the United States Magistrate Judge [#43] is **SUSTAINED, ADOPTED, and INCORPORATED** herein.

**IT IS FURTHER ORDERED** that defendant's motion to suppress evidence and amended motion to suppress evidence [#23, #33], motion to suppress identification [#27], motion to suppress statements [#24], and motion to dismiss the indictment [#32] are denied.

**IT IS HEREBY ORDERED** that the government's motion for pretrial determination of admissibility [#12] is granted; defendant's motion for extension of time [#17] and for leave [#22] are granted.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of January, 2006.